UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| GREAT BROWERY, INC. d/b/a TRUNK ARCHIVE § § § § Plaintiff § § v. § § JW SANDERS PLLC d/b/a § REJUVENATE AUSTIN, JESSICA § WRIGHT SANDERS, DOES 1-10, § inclusive § § Defendants. § | Civil No. 1:22-CV-00968-LY |

**DEFENDANT JW SANDERS PLLC d/b/a REJUVENATE AUSTIN'S MOTION TO SET ASIDE ENTRY OF DEFAULT AND MOTION FOR LEAVE TO FILE RESPONSIVE PLEADING**

Defendant JW Sanders PLLC d/b/a Rejuvenate Austin, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 55(c), moves this Court to set aside the Clerk's Entry of Default on November 9, 2022, against Defendant. Defendant further moves this Court to grant leave for Defendant to file a responsive pleading to Plaintiff's Complaint. In support thereof, Defendant shows the Court the following:

**I.
Background**

1. Plaintiff filed its Original Complaint in this case on September 24, 2022. Defendant was served with process on October 11, 2022, and the proof of service was filed with the Court on October 18, 2022.

2. On November 8, 2022, a mere 7 days after Defendant's answer was due, Plaintiff moved

1

for the Clerk to enter a default against Defendant. The Clerk entered the default the following day on November 9, 2022.

3. For background and context, Defendant's owner, Dr. Jessica Wright, believed that her office manager would retain and inform the undersigned counsel that suit was filed. Unfortunately, the office manager never followed through on those steps, and as a result, those documents were never sent to and/or received by undersigned counsel. Counsel first learned that a suit was filed on Friday, November 25, 2022. Upon learning of that fact, counsel immediately reached out to Plaintiff's counsel to agree to mutually set aside the entry of default. But Plaintiff's counsel, Jayma Leath, a lawyer who is not licensed in Texas nor admitted in the Western District of Texas, adamantly refused.

4. At the end of the day, Defendant readily admits that an answer should was not timely filed, but given the circumstances and existence of good cause to support this motion as explained below, respectfully requests leave to file a responsive pleading.

## II.
## Applicable Legal Standard

5. The Court already knows the applicable law, but given the magnitude of the situation, Defendant repeats it here in an abundance of caution.

6. "Judgments by default are a drastic remedy and should be resorted to only in extreme situations." *Charlton L. Davis & Co., P. C. v. Fedder Data Ctr., Inc.,* 556 F.2d 308, 309 (5th Cir. 1977). Default judgments "are generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant failed to meet a procedural time requirement." *Lacey v. Sitel,* 227 F.3d 290, 292 (5th Cir. 2000). Absent intervening equities, "any doubt should, as a general proposition, be resolved in favor of the movant [to vacate a default] to the end of securing a trial upon the merits." *Lacey*, 227 F.3d at 292.

7.      Under Federal Rule of Civil Procedure 55(c), "the court may set aside an entry of default for good cause." FED. R. CIV. P. 55(c). Whether good cause exists is determined by the following factors: (1) whether the default was willful; (2) whether setting aside the default would prejudice the Plaintiff; and (3) whether Defendant has a meritorious defense. *Lacey*, 227 F.3d at 292.

8.      All three of the above-mentioned factors favor setting aside the entry of default against Defendant in this case.

### III.
### Argument

9.      Defendant's failure to file a responsive pleading to Plaintiff's Complaint was far from willful, insofar as Defendant was in the process of seeking counsel. *See* Exhibit A, Affidavit of Dr. Jessica Wright at ¶3. Further, Dr. Wright was informed by her assistant that all pertinent documents were being forwarded to undersigned counsel, but those documents were never received by counsel. *Id*. Defendant's failure to file responsive pleading should not have happened, but it was far from willful as Defendant fully intends to mount a vigorous defense to Plaintiff's claims as further outlined below.

10.     Setting aside the Clerk's Entry of Default will not prejudice Plaintiff. As mentioned above, Plaintiff's Complaint was filed September 24, 2022. Plaintiff moved the Clerk for an Entry of Default on November 8, 2022, not even two months after Plaintiff filed its Original Complaint and *only 7 days after Defendant's Answer would have been due.* At the time of this filing, it has been just over two months since Plaintiff's Original Complaint was filed. Such a short delay in Defendant's filing of a responsive pleading will not unduly prejudice Plaintiff in pursuing its case.

11.     Defendant has meritorious defenses that will constitute complete defenses against all claims asserted in Plaintiff's Original Complaint.

12.     By way of background, Plaintiff's counsel, Higbee & Associates, is a California law firm

3

that is well-known as a "copyright troll" for seeking to enforce copyrights to earn a percentage of payments before ever engaging with "alleged" infringers. Higbee encourages photographers, like Plaintiff, to sign up with their law firm and then perform a reverse image search for anything matching a photographer's photos. Afterwards, Higbee will send a series of scary letters based off a template to deliver to alleged offenders. That process was used here against Defendant. And as soon as Defendant received the first letter from Plaintiff's counsel about the image, the image was promptly removed.

13. Despite the removal, this lawsuit was filed. And according to the Proof of Service filed by Plaintiff (*see* Dkt. No. 6), Dr. Jessica Sanders (actually Wright) was served on October 11, 2022, by Paul Raney. However, Paul Raney "declare[d] under penalty of perjury that [the information contained in the Proof of Service was] true" as of October 5, 2022. Accordingly, Defendant has a meritorious defense that Plaintiff was not properly served and that the process server swore to have effectuated a service that had not yet occurred. *See* FED. R. CIV. P. 12(b)(5). As it currently stands, the proof of service is not valid.

14. In addition to the failure to effectuate proper service and the false declaration by Plaintiff's process server, if any damages were sustained by Plaintiff, they are nominal at best. To be clear, what Plaintiff is complaining about is a single photograph of three green leaves and an eye dropper. *See* Original Compl. ¶ 17. Plaintiff further complains that Defendant's posting of an image that matched the photograph described above has caused "significant injury and irreparable harm." *Id.* at ¶ 44. Given the facts, Defendant strongly believes they can prevail on the affirmative defenses of fair use and de minimis use.

15. Good cause exists here under all 3 factors of the "good cause" standard, and the interests of justice will be served by this Court setting aside the Entry of Default against Defendant and

granting Defendant leave to file a responsive pleading.

## IV.
## Conclusion

For the foregoing reasons, Defendant requests that this Court, for good cause shown, set aside the Entry of Default against Defendant and allow Defendant to answer or otherwise respond to Plaintiff's Complaint within 14 days of the Court's vacatur of the Entry of Default.

        Respectfully submitted,

        **KHERKHER GARCIA, LLP**

By:    /s/ *Ryan S. MacLeod*
        Steven J. Kherkher
        State Bar No. 11375950
        Federal Bar No. 12341
        Ryan S. MacLeod
        Bar No. 24068346
        2925 Richmond Ave., Suite 1560
        Houston, Texas 77098
        Tel: (713) 333-1030
        Fax: (713) 333-1029
        **Service: rmacleod@kherkhergarcia.com**

        **ATTORNEYS FOR DEFENDANT**

## Certificate of Service

On this 1st day of December 2022, I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record.

        /s/ *Ryan S. MacLeod*
        Ryan S. MacLeod